**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ERNEST C. TREVINO,                              )
                                                )
                    Plaintiff,                  )
v.                                              )        Civil Action No.  1:25-cv-03963 (UNA)
                                                )
                                                )
DONALD J. TRUMP,                                )
                                                )
                    Defendant.                  )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint

("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The

Court grants the *in forma pauperis* Application, and as explained in more detail below, dismisses

this case without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3)

(requiring the court to dismiss an action "at any time" if it determines that the subject matter

jurisdiction is wanting).

Plaintiff, a resident of Pleasanton, Texas, sues the President of the United States.  Compl.

at 1–4.  He challenges "the damage and willful destruction of the east wing of the White House

with no permits, approval from any entity or approval of the American People for personal gain or

benefit."  *Id*. at 4.  He seeks to enjoin any further demolition and construction, and asks for the

east wing to be "cordoned off" until he and the "American people" determine how to rebuild.  *See*

*id.* at 5.

Accepting all of the allegations as true at this stage as obligated, *see Ashcroft v. Iqbal*, 556

U.S. 662, 669 (2009), Plaintiff has nonetheless failed to establish standing in this matter.  Article

III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig*

*v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and

unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) that "a causal connection" exists "between the injury and the conduct complained of and is not the result of the independent action of some third party not before the court; and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to himself. The Complaint lacks any factual allegations showing that he sustained, or is likely to sustain, any direct injury as a result of the operative events, which as pleaded, do not involve him personally. Insofar as Plaintiff attempts to bring his case as an American citizen, or on behalf of other American citizens, "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and him status no more differentiated than that of millions of other voters[,] . . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg*

*v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Consequently, for all these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction.  A separate Order accompanies this Memorandum Opinion.

Date:   March 9, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge